THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Hiram Ramos, et al.<br><br>　*Plaintiffs*,<br><br>　　v.<br><br>Puerto Rico Water and Sewer Authority, et al.<br><br>　*Defendants*. | CIV. NO. 11-1784 (PG) |

**OPINION AND ORDER**

Before this Court is defendants' "Motion to Dismiss the Complaint, Quash for Insufficient Service of Process, and in Opposition to the Entry of Default," filed pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 4(m). See Docket No. 10. Therein, the defendants request, among other things, that this Court quash the attempted service of summons for being improper and thus dismiss the complaint without prejudice for lack of in personam jurisdiction. For the reasons stated below, this Court **GRANTS IN PART AND DENIES IN PART** defendants' motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On August 10, 2011, Hiram Ramos, Karrelson Rivera, Ansley Rivera, Jaime Otero, Arnaldo Quiles and Hector Vargas (hereinafter collectively referred to as "Plaintiffs") filed the above-captioned complaint against the Puerto Rico Water and Sewer Authority ("PRASA"); Jose F. Ortiz ("Ortiz"); Antonio Matias ("Matias"); Jorge Crespo ("Crespo"); Francisco Martinez ("Martinez"), Eufemio Tusset ("Tusset"); Miriam Lugo ("Lugo"); Jose Nieves ("Nieves"); John Doe and Richard Roe (hereafter collectively referred to as "Defendants"). In the complaint, plaintiffs seek

compensation for damages arising from discrimination, harassment and retaliation in the workplace and from the defendants' violation of the state and federal whistleblower protection acts. See Docket No. 1. Plaintiffs sued all the individual defendants mentioned above in both their official and individual capacities. See Docket No. 1. ¶ 16. Summons were issued on November 16, 2011 as to all defendants. See Docket No. 6. On December 10, 2011, plaintiffs certified sending a copy of the complaint and summons by U.S. mail as to all defendants through conduit of PRASA and its executive president at P.O. Box 7066, San Juan, P.R. 00916-7066. See Docket No. 7. On December 25, 2011, plaintiffs filed a motion requesting the entry of default against defendants (Docket No. 8), which this Court later denied (Docket. No. 12).

Defendants have now filed a motion requesting that this Court dismiss the complaint for lack of personal jurisdiction under Rule 12(b)(2), and for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. In their motion, defendants also oppose the plaintiffs' request for the entry of default against them (Docket No. 8). However, this issue is now **MOOT** to the extent that this request was already denied (Docket No. 12). Finally, defendants request this Court quash the service of process as to all defendants to the extent that it was improper and dismiss the complaint without prejudice pursuant to Rule 4(m). See Docket No. 10.

Plaintiffs then opposed defendants' motion alleging a conflict of interest exists regarding defendants' counsel and requesting the disqualification of the law firm representing the defendants. However, the Court notes that plaintiffs simply failed to respond to the arguments

in favor of dismissal set forth by defendants in their motion. See Docket No. 13.

After careful review, we find that service of process was indeed improper as to all defendants, and thus, this Court lacks in personam jurisdiction. Accordingly, this Court **GRANTS** the defendants' petition to quash the service of process. However, this Court **DENIES** defendants' request that the complaint be dismissed, and instead, **GRANTS** plaintiffs an additional term of **fifteen (15) days** to properly serve the defendants. In addition, this Court finds that defendants' default argument is **MOOT** inasmuch as plaintiffs' motion requesting entry of default was already denied. See Docket No. 12. As for the ethics argument set forth by the plaintiffs in their response, we find that it is not ripe for adjudication at this stage of the proceedings to the extent this Court lacks jurisdiction over the defendants just yet.

### III. DISCUSSION

Before a federal court may exercise in personam jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. Accordingly, the Supreme Court has stated that "[s]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444-445 (1946). Service of summons is governed by Rule 4 of the Federal Rules of Civil Procedure. The manner in which service of summons is to be conducted may vary depending on the capacity of the defendants which the plaintiff is trying to serve, that is, either individual or official capacity.

Co-defendant PRASA is an autonomous governmental corporation, see Paul N. Howard Co. v. Puerto Rico Aqueduct Sewer Authority, 744 F.2d 880, 886 (1st Cir.1984), and thus, service of process should have been done pursuant to Federal Rule of Civil Procedure 4(h), which states that:

> Unless federal law provides otherwise or the defendants' waiver has been filed, a domestic or foreign corporation, … that is subject to suit under a common name, must be served:
> (1) In a judicial district of the United States:
>     (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>     (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

FED.R.CIV.P. 4(h).

As stated in the rule, in the absence of a federal law providing otherwise or the defendant's waiver - which has not taken place -, Rule 4(h) requires that the plaintiffs deliver a copy of the summons and the complaint to an officer or agent of the corporation *authorized to receive service of process*. The plaintiffs did not deliver service of process but mailed it instead. Now, Rule 4(h) allows for the service of summons to be carried out via U.S. mail *only* if the agent who receives the service is one authorized by statute and the statute so requires. Plaintiffs have not evinced that any of the co-defendants who were sent service of process by mail were in fact authorized by any such statute. Having failed to follow any of the criteria set forth in the applicable rule,

this Court finds that plaintiffs' service of process was improper as to PRASA and the individual defendants in their official capacity.

Service of summons of co-defendants in their individual capacity is governed by Rule 4(e). This Rule states that:

> Unless federal law provides otherwise, an individual … may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) Doing any of the following:
>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED.R.CIV.P. 4(e).

In the case at hand, the plaintiffs served the individual co-defendants in their personal capacity via mail. That is, plaintiffs neither delivered a copy of the summons and complaint to each individual co-defendant, nor left a copy of such at each co-defendant's dwelling or usual place of abode, nor delivered the copies to an agent authorized by appointment or law to receive service of process on behalf of each co-defendant. Thus, this Court finds that service of summons was improper as to each co-defendant in his/her personal capacity as well as it failed to comply with the criteria set forth in Rule 4(e).

In light of the aforementioned, this Court concludes that it lacks in personam jurisdiction over all defendants in both their official and individual capacities in light of plaintiffs' failure to serve process in accordance with the applicable rules. The defendants thus request that

this Court dismiss the complaint pursuant to Federal Rule of Civil Procedure 4(m), which states that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

FED.R.CIV.P. 4(m).

Although Rule 4(m) *requires* a district court to grant additional time if good cause is shown, it also *permits* the district court to grant such an extension even absent good cause. See Henderson v. United States, 517 U.S. 654. Therefore, a district court possesses discretionary authority to extend the time allowed for service of process even if good cause is not shown. See Melton v. Tyco Valves & Controls, Inc., 211 F.R.D. 288 (D.Md. 2002). Accordingly, courts have stated that "[n]othing in Rule 4(m) or the Advisory Committee Notes requires that before the court may use its discretion to extend the deadline for service of process, the plaintiff must have moved for an extension of time." U.S. v. Tobins, 483 F.Supp.2d 68, 81 (1st Cir.2007).

In view of the above-mentioned and the governing caselaw, this Court **GRANTS IN PART DENIES IN PART** defendants' motion. The defendants' request that service be quashed is **GRANTED**, but their request that the complaint be dismissed is **DENIED**. Instead, the Court **GRANTS** plaintiffs an additional term of **fifteen (15) days** to correctly serve the defendants.

### IV. CONCLUSION

Pursuant to the foregoing, this Court **GRANTS IN PART AND DENIES IN PART** defendants' motion (Docket No. 10). In addition, plaintiffs are

granted a term of **fifteen (15) days** to correctly perform service of process as to all the defendants. No extensions will be allowed. Failure to comply with this deadline will result in the dismissal without prejudice of their claim.

    **SO ORDERED.**

    In San Juan, Puerto Rico, July 5, 2012.

> S/ JUAN M. PÉREZ-GIMÉNEZ
> JUAN M. PÉREZ-GIMÉNEZ
> UNITED STATES DISTRICT JUDGE