**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Hiram Ramos, et al.<br><br>    *Plaintiffs*,<br><br>        v.<br><br>Puerto Rico Water and Sewer Authority, et al.,<br><br>    *Defendants*. | CIV. NO. 11-1784 (PG) |

## OPINION AND ORDER

Before this Court is defendants' motion to dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 4(m). See Docket No. 28. Therein, the defendants request, among other things, that this Court quash the attempted service of summons for being improper and thus dismiss the complaint without prejudice for lack of in personam jurisdiction and failure to properly serve. This Court **GRANTS** defendants' motion for the reasons stated below.

### I. BACKGROUND

The Court hereby incorporates by reference the factual and procedural background set forth in our Opinion and Order of July 5, 2012. See Docket No. 22. Therein, the Court ordered Hiram Ramos, Karrelson Rivera, Ansley Rivera, Jaime Otero, Arnaldo Quiles and Hector Vargas (hereinafter collectively referred to as "Plaintiffs") to properly serve process by July 20, 2012 adding that no extensions would be allowed and failure to comply would result in the dismissal without prejudice of the above-captioned claim. See id. Thereafter, on October 1, 2012, defendants the Puerto Rico Water and Sewer Authority ("PRASA"); Jose F. Ortiz ("Ortiz"); Antonio Matias ("Matias"); Jorge Crespo ("Crespo"); Francisco Martinez ("Martinez"), Eufemio Tusset ("Tusset"); Miriam Lugo ("Lugo"); Jose Nieves ("Nieves") (hereafter collectively referred to as "Defendants") filed the present motion to dismiss (Docket No. 28) arguing that the case should be dismissed without prejudice because the Plaintiffs failed to properly serve according to law by the court-imposed

deadline, and thus, this court lacks personal jurisdiction over the Defendants. See Docket No. 28. The Plaintiffs timely opposed the Defendants' motion. See Docket No. 29.

## II. STANDARD OF REVIEW

Rule 12(b)(5) of the Federal Rules of Civil Procedure allows a defendant to seek dismissal for a plaintiff's failure to sufficiently serve the defendant with process. FED.R.CIV.P. 12(b)(5). The requirements for serving process on an individual within a judicial district of the United States are delineated in Rule 4(e). FED.R.CIV.P. 4(e). This Rule allows a plaintiff to serve a defendant pursuant to the laws of the state in which the defendant is located or pursuant to federal law. See FED.R.CIV.P. 4(e)(1 & 2). A district court may dismiss a complaint for a plaintiff's failure to effectively serve a defendant with process. See Blair v. City of Worcester, 522 F.3d 105, 110 (1st Cir.2008). Once the sufficiency of service of process is challenged, the "plaintiffs have the burden of proving proper service." Rivera-Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1 st Cir.1992).

## III. DISCUSSION

In their motion to dismiss, the Defendants claim that the Plaintiffs once again improperly attempted to serve process upon them by mail. Because the court-imposed deadline to serve has already elapsed, the Defendants request that this court dismiss the complaint without prejudice as forewarned in our order of July 5, 2012 (Docket No. 22). See Docket No. 28. In response, the Plaintiffs simply assert in their opposition, without more, that "the plaintiffs complied with the Court's order concerning the [s]ervice of process deadline … ." Docket No. 29 at page 4. In fact, on July 20, 2012, the Plaintiffs filed a certificate of service informing the court that they had sent a copy of the complaint and summons, amended complaint and the waiver of service form by First Class Mail to defendants Matias, Martinez, Crespo, Tusset, Lugo and Nieves; and by certified mail to PRASA and Ortiz. See Docket No. 25.

However, in our Opinion and Order of July 5, 2012, this Court alerted the Plaintiffs that the way service had been performed was defective and set forth the grounds under which properly serve process. See Docket No. 22. Notwithstanding this court's instructions, the Plaintiffs once again performed service by mail, except this time,

allegedly including a waiver of service form in the contents of the mail. The court has already discussed the inappropriateness of Plaintiffs' method and we will not repeat ourselves herein. The Defendants did not wave their right to be served in person and as a result, the court still lacked personal jurisdiction over the Defendants in this case by the July 20, 2012 deadline. The Plaintiffs did not heed the warning and must now suffer the consequences of their actions.

In light of the aforementioned, this Court concludes that it lacks in personam jurisdiction over all Defendants in both their official and individual capacities in light of Plaintiffs' failure to serve process in accordance with the applicable rules and this court's order. Therefore, we hereby **GRANT** the Defendants' motion to dismiss (Docket No. 28) pursuant to Federal Rule of Civil Procedure 12(b)(5) and thus **DISMISS WITHOUT PREJUDICE** the Plaintiffs' claims.

### IV. CONCLUSION

Pursuant to the foregoing, this Court **GRANTS** Defendants' motion (Docket No. 28) and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' claims. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, November 14, 2012.

                                                          S/ <u>JUAN M. PÉREZ-GIMÉNEZ</u>
                                                          JUAN M. PÉREZ-GIMÉNEZ
                                                          UNITED STATES DISTRICT JUDGE